IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF EDUCATION OF THE ) <br> CITY OF CHICAGO ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> K.G., by and through her parent M.G.; ) <br> the ILLINOIS STATE BOARD OF ) <br> EDUCATION; CARMEN AYALA, ) <br> PH.D., in her official capacity; and Impartial ) <br> Hearing Officer JANET MAXWELL- ) <br> WICKETT, in ) <br> her official capacity. ) <br> ) <br> Defendants. ) | Case No. 23-CV-6811 |

## COMPLAINT

NOW COMES the BOARD OF EDUCATION OF THE CITY OF CHICAGO, by and through its attorneys, ENGLER, CALLAWAY, BAASTEN, & SRAGA, LLC, and complains of the Defendants, K.G., by and through her parent M.G, the ILLINOIS STATE BOARD OF EDUCATION, DR. CARMEN AYALA, and JANET MAXWELL-WICKETT, as follows:

### NATURE OF ACTION

1. This action seeks review of an impartial due process hearing officer's decision issued under the *Individuals with Disabilities Education Act*, 20 U.S.C. §1415, *et seq.*, and the Illinois *School Code* 105 ILCS 5/1-1, *et seq*.

### PARTIES

2. Plaintiff, the Board of Education of the City of Chicago, Cook County, Illinois ("School District"), is a public school district organized and existing under the laws of the State of Illinois. The School District provides special education and related services to eligible students, pursuant

to the *Individuals with Disabilities Education Act* ("IDEA"*)*, 20 U.S.C. §1400, *et seq*.; Article 14 of the Illinois *School Code* ("*School Code*"), 105 ILCS 5/14-1.01, *et seq*.; the regulations of the U.S. Department of Education, 34 C.F.R. Part 300; and the implementing regulations of the Defendant, the Illinois State Board of Education, 23 Illinois Administrative Code Part 226. Plaintiff is a "local educational agency" ("LEA") within the meaning of the IDEA, pursuant to 20 U.S.C. §1401(19)(A) and 34 C.F.R. §303.23(a).

3. Defendant K.G. is a 14-year-old student who resides with Defendant M.G. within the boundaries of the School District.

4. Defendant M.G. is the mother of K.G. and resides at 5619 S. Michigan Avenue, in Chicago, Illinois.

5. Defendant Illinois State Board of Education ("ISBE") is a constitutionally-created body of the State of Illinois. ISBE monitors Illinois public schools and the delivery of special education services to Illinois students under the IDEA and the *School Code*. ISBE is a state educational agency ("SEA") within the meaning of the IDEA and is a recipient of federal funds. ISBE promulgates applicable regulations governing special education services, at 23 Ill. Admin. Code Part 226. Pursuant to the IDEA, the *School Code,* and their respective implementing regulations, ISBE administers the special education impartial due process hearing system in the State of Illinois, including the appointment of impartial due process hearing officers in due process matters.

6. Defendant Dr. Carmen Ayala served as the State Superintendent of Education for the State of Illinois, as the chief education officer of the State and chief executive officer of the Illinois State Board of Education, from 2019 through January 31, 2023. Dr. Ayala served in her capacity as State Superintendent during the pendency of the administrative due process proceeding

underlying this matter.

7. Defendant Janet Maxwell-Wickett was appointed by ISBE and served as an impartial due process hearing officer in the administrative due process proceeding underlying this matter.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 20 U.S.C. §1415(i)(2)(A), (i)(3)A).

9. Venue is proper in this judicial district, the Eastern Division of the United States District Court for the Northern District of Illinois (herein after "Northern District/Eastern Division"), pursuant to 28 U.S.C. §1391, because the School District is located within the Northern District/Eastern Division; Defendants K.G. and M.G. reside within the Northern District/Eastern Division; Defendants ISBE, Dr. Ayala, and Ms. Maxwell-Wickett have offices within the Northern District/Eastern Division; and all relevant events giving rise to this action occurred within the Northern District/Eastern Division.

## BACKGROUND

10. K.G. is a student with a complex medical history including prematurity with extremely low birth weight, congestive heart disease, bilateral vocal cord paralysis, and precocious puberty. She has also been diagnosed with Autism Spectrum Disorder, level two with associated language and intellectual impairments; Attention Deficit Hyperactivity Disorder, combined type, moderate; and Specific Learning Disorder with impairment in reading, writing and math. K.G. has documented deficits in intellectual functioning, social cognition, attention, executive functioning, memory, visuospatial/motor, academic achievement, and emotional-behavioral functioning.

11. Due to her diagnoses and related academic and functional deficits, K.G. is a child

with a disability as defined by the IDEA and is eligible for special education and related services pursuant to the IDEA.

12. Pursuant to her individualized education program ("IEP"), K.G. was placed in a private therapeutic day school, Menta Midway, and received special education and related services at that facility, with oversight by the School District as the LEA.

13. On June 14, 2022, K.G.'s IEP team convened an IEP conference to complete an annual review of K.G.'s IEP. The IEP team reviewed K.G.'s progress, two recent private evaluations, and a proposed IEP for the 2022-2023 school year.

## ADMINSTRATIVE PROCEEDINGS

14. On October 13, 2022, M.G., through legal counsel, submitted a due process complaint notice and hearing request to the School District.

15. On October 25, 2022, Defendant ISBE initiated an administrative due process proceeding for M.G.'s due process complaint notice and appointed Defendant Maxwell-Wickett as the impartial hearing officer ("the Hearing Officer").

16. On October 24, 2022, the District filed its response to M.G.'s due process complaint notice.

17. On December 15, 2022, M.G. amended her due process complaint notice.

18. On December 27, 2022, the District filed its response to M.G.'s amended due process complaint notice.

19. A due process hearing was held by the Hearing Officer on April 18, 19, 20, and 21, 2023, via video conference.

20. On May 4, 2023, the Hearing Officer issued her Final Determination and Order, a true and complete copy of which is attached hereto as Exhibit A.

21. In her Final Determination and Order, the Hearing Officer ordered the following relief:

It is hereby ordered:

a. The District is hereby Ordered to immediately revise the Student's IEP to include the disability category of Specific Learning Disability (SLD) in reading, mathematics, and written expression, in addition to her current eligibility categories of Autism and OHI;

b. The District is hereby Ordered to immediately implement the Student's IEP by providing an Orton-Gillingham based structured literacy program to the Student, for 60 minutes per day, five days per week, implemented with fidelity by an [sic] qualified, certified instructor;

c. The District is hereby Ordered to immediately revise the Student's IEP to include in-school math intervention using an explicit, multisensory, research-based program implemented with fidelity by a qualified, certified instructor, for 60 minutes per day, five days per week;

d. The District is hereby Ordered to immediately revise the Student's IEP to include in-school written expression instruction for the Student using a research-based writing program, with a focus at the sentence level, such as Writing Revolution, SQ Wrtie [sic] or the Expanding Expression Tool, provided by a qualified, certified instructor with fidelity for 30 minutes per day, five days per week;

e. The District is hereby Ordered to immediately and continually provide to Parent IEP progress monitoring records, including goal progress reports, work samples, and observation logs;

f. The District is hereby Ordered to immediately and continually provide to Parent daily communication logs of the Student's academic and behavioral needs;

g. The District is hereby Ordered to provide any homework related to the above programs listed in (b) through (d) above to the Student at her instructional level;

h. The District is hereby Ordered to provide the Student with a placement which will provide the structured literacy, math, and written expression services and interventions required in paragraphs (b) through (d) above;

i. The District is hereby Ordered to reimburse Parent, or pay Dr. D directly, for the cost of Dr. D's neuropsychological evaluation in the

amount of $2,325.95 upon receipt of statement for services or proof of payment for same;

j. The District is hereby Ordered to reimburse Parent for the cost of the Redwood Literacy Report in the amount of $399.00 upon receipt of proof of payment for same;

k. The District is hereby Ordered to provide compensatory education up to 2 hours of social work related services and up to 2 hours of speech language related services. Parent shall have six (6) years from the date of issuance of this Final Determination and Order in which to utilize said award;

l. The District is hereby Ordered to provide compensatory education up to 48 hours in total for explicit typing instruction along with assistive technology, such as Co-Writer, to support spelling, topic-related vocabulary inclusion and sentence development provided by a qualified private provider. Parent shall have six (6) years from the date of issuance of this Final Determination and Order in which to utilize said award;

m. The District is hereby Ordered to provide compensatory education up to 1,440 hours in total for Orton-Gillingham based structured literacy instruction provided by a qualified private provider. Parent shall have six (6) years from the date of issuance of this Final Determination and Order in which to utilize said award;

n. The District is hereby Ordered to provide compensatory education up to 1,440 hours in total for one-on-one math tutoring instruction using an explicit multisensory, research-based instructional program provided by a qualified private provider. Parent shall have six (6) years from the date of issuance of this Final Determination and Order in which to utilize said award;

o. The District is hereby Ordered to provide compensatory education up to 480 hours in total for research-based writing intervention with a focus at the sentence level provided by a qualified private provider. Parent shall have six (6) years from the date of issuance of this Final Determination and Order in which to utilize said award;

In the event extenuating circumstances arise, such as prolonged illness documented by a physician, the above timelines for redemption of the compensatory education awarded in paragraphs (a) through (o) above shall be extended in duration up to the length of the illness.

The District shall reimburse Parent, or pay directly, the above ordered costs within 30 calendar days of receipt of proof of same (i.e. statement for

services or invoice from provider, facility, or transportation provider).

See Exhibit A, pages 33-35.

22. The Hearing Officer's Final Determination and Order should be reversed because:

   a. The Hearing Officer clearly erred by including in her Findings of Fact multiple factual errors, including misstatements of witness testimony, by failing to cite to any documents entered into evidence that supported the findings, and by omitting relevant, entered evidence that contradicted the findings and conclusions in the Final Determination and Order.

   b. The Hearing Officer clearly erred by making findings of fact that were inconsistent with the evidence.

   c. The Hearing Officer made erroneous conclusions of law that were inconsistent with State and federal law.

   d. The Hearing Officer erred as a matter of law in determining K.G. was a student eligible for special education and related services under the IDEA's eligibility category of Specific Learning Disability based on the medical diagnosis of specific learning disorder. The Hearing Officer erred as a matter of law by failing to apply the IDEA's definition of Specific Learning Disability in making her determination.

   e. The factual findings related to the School District's evaluations, eligibility determination, and provision of a free appropriate public education ("FAPE") to K.G. were clearly erroneous based on the Hearing Officer's erroneous determination that K.G. was eligible under the IDEA's Specific Learning Disability category.

    f. The orders for compensatory relief were clearly erroneous based on the Hearing Officer's erroneous determination that K.G. was eligible under the IDEA's Specific Learning Disability category.

    g. The Hearing Officer erred as a matter of law by making findings of fact for alleged violations of the IDEA that fell outside the established two-year statute of limitations for claims pursuant to the IDEA.

    h. The Hearing Officer erred as a matter of law by ordering compensatory education as relief for alleged violations of the IDEA that fell outside the established two-year statute of limitations for claims pursuant to the IDEA.

    i. The Hearing Officer erred as a matter of law in applying the incorrect standard for compensatory education services in calculating the ordered relief.

    j. The Hearing Officer erred as a matter of law in ordering relief for issues that were not identified in M.G.'s due process complaint notice or certified for the administrative due process hearing.

    k. From October 13, 2020 through the May 4, 2023 Hearing Officer's Final Determination and Order, the School District provided a FAPE to K.G.

    l. The June 22, 2020, June 3, 2021, June 14, 2022, and April 10, 2023, IEPs were reasonably calculated to enable K.G. to make progress in light of K.G.'s circumstances.

23. The School District is a party aggrieved by the Hearing Officer's Final Determination and Order.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, the BOARD OF EDUCATION OF THE CITY OF CHICAGO, respectfully requests this Court:

a.  Receive the administrative record of the due process hearing, from Defendant Illinois State Board of Education;

b.  Hear additional evidence as permitted by law;

c.  Consider, *de novo*, the issues presented in the due process hearing;

d.  Reverse the Hearing Officer's conclusions that the School District denied the Student a FAPE when:

   1)  From October 13, 2020, to the present, the District failed to evaluate the Student in all areas of suspected disability, specifically in the area of specific learning disability (SLD) in reading, math, and written expression;

   2)  From October 13, 2020, to the present, the District failed to find the Student eligible for special education instruction and related services as a student with a specific learning disability (SLD);

   3)  From October 13, 2020, to the present, it failed to provide the Student with IEPs reasonably calculated to enable the Student to make progress in light of her unique circumstances and receive educational benefit by failing to provide appropriate goals in decoding, encoding, reading fluency, and written expression and failing to provide appropriate instruction in reading, mathematics, and written expression;

   4)  From June 14, 2022, to the present, the District failed to implement the Student's IEP as follows…Failed to provide the Student with keyboarding instruction and services; and

   5)  From October 13, 2020, to May 2022, the District misrepresented to Parent the range of programs available to remediate the Student's academic deficits preventing her from recognizing the District's denial of FAPE and preventing Parent from meaningfully participating in the Student's IEP process;

Exhibit A, pages 32-33.

e. Vacate the Hearing Officer's orders for relief related to the above conclusions, including:

1) [I]mmediately revise the Student's IEP to include the disability category of Specific Learning Disability (SLD) in reading, mathematics, and written expression, in addition to her current eligibility categories of Autism and OHI;

2) [I]mmediately implement the Student's IEP by providing an Orton-Gillingham based structured literacy program to the Student, for 60 minutes per day, five days per week, implemented with fidelity by an qualified, certified instructor;

3) [I]mmediately revise the Student's IEP to include in-school math intervention using an explicit, multisensory, research-based program implemented with fidelity by a qualified, certified instructor, for 60 minutes per day, five days per week;

4) [I]mmediately revise the Student's IEP to include in-school written expression instruction for the Student using a research-based writing program, with a focus at the sentence level, such as Writing Revolution, SQ Wrtie [sic] or the Expanding Expression Tool, provided by a qualified, certified instructor with fidelity for 30 minutes per day, five days per week;

5) [P]rovide any homework related to the above programs listed in [the orders for relief] to the Student at her instructional level;

6) [R]eimburse Parent, or pay Dr. D directly, for the cost of Dr. D's neuropsychological evaluation in the amount of $2,325.95 upon receipt of statement for services or proof of payment for same;

7) [R]eimburse Parent for the cost of the Redwood Literacy Report in the amount of $399.00 upon receipt of proof of payment for same;

8) [P]rovide compensatory education up to 48 hours in total for explicit typing instruction along with assistive technology, such as Co-Writer, to support spelling, topic-related vocabulary inclusion and sentence development provided by a qualified private provider. Parent shall have six (6) years from the date of issuance of this Final Determination and Order in which to utilize said award;

9) [P]rovide compensatory education up to 1,440 hours in total for Orton-Gillingham based structured literacy instruction provided by a qualified private provider. Parent shall have six (6) years from the date of issuance of this Final Determination and Order in which to

      utilize said award;

10) [P]rovide compensatory education up to 1,440 hours in total for one-on-one math tutoring instruction using an explicit multisensory, research-based instructional program provided by a qualified private provider. Parent shall have six (6) years from the date of issuance of this Final Determination and Order in which to utilize said award; and

11) [P]rovide compensatory education up to 480 hours in total for research-based writing intervention with a focus at the sentence level provided by a qualified private provider. Parent shall have six (6) years from the date of issuance of this Final Determination and Order in which to utilize said award; and

Exhibit A, pages 33-35.

    f.    Award the School District such other and further relief as is appropriate and equitable.

                            Respectfully submitted,

                            BOARD OF EDUCATION OF THE
                            CITY OF CHICAGO

                            By:       s/ Luis A. Rodriguez
                                  One of Its Attorneys

Teri E. Engler, ARDC #3127078
Luis A. Rodriguez, ARDC #6243753
Aimée R. LeBlanc, ARDC #6331408
ENGLER, CALLAWAY,
BAASTEN & SRAGA, LLC
2215 York Rd., Suite 400
Oak Brook, IL 60523
630-313-4750
tengler@ecbslaw.com
lrodriguez@ecbslaw.com
aleblanc@ecbslaw.com